UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
DAMIEN FREEMAN, : CASE NO. 1:17 CV 561
:
        Petitioner, :
:
vs. : DISMISSAL ORDER
:
LYNEAL WAINWRIGHT, :
:
        Respondent. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* petitioner Damien Freeman has filed this action seeking a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. He challenges a 2001 felony murder conviction in the Cuyahoga County Court of Common Pleas.

Pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases under §2254, a federal district court is required to examine a *habeas* petition and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If so, the district court must summarily dismiss the petition. *See* Rule 4; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

The Court finds that the petition must be dismissed. An application for a writ of *habeas corpus* under §2254 may not be granted unless it appears that the petitioner has exhausted all "remedies available in the courts of the State." 28 U.S.C. §2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (*per curiam*). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair

opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted).

It is not clear from the face of the petition that the petitioner has properly exhausted his claims in the Ohio courts. His petition indicates that an appeal he has filed with the Ohio Supreme Court is still pending. Accordingly, regardless of the merits of petitioner's claims, this action is dismissed pursuant to Rule 4 of the Rules Governing §2254 Cases without prejudice to petitioner's re-filing upon a demonstration of full exhaustion of his claims in the Ohio courts. The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. §2253(c)(2).

IT IS SO ORDERED.


Dated: April 13, 2017                *s/     James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE